IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Case No. CR-13-301(ESH) |
| | * | |
| BENJAMIN BRANDON GREY | * | |
| | * | |
| | **** | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

Pursuant to 18 U.S.C. § 3553(a) and Rule 32 of the Federal Rules of Criminal Procedure, the Defendant, Benjamin Brandon Grey, by and through counsel, submits the following Position With Respect to Sentencing Factors.

On September 20, 2013 Mr. Grey was found guilty by a jury of 21 counts of violations of federal and local fraud charges. He is presently incarcerated and is being held without bond. Mr. Grey has several objections to the Presentence Report ("PSR") and submits that the Advisory Sentencing Guideline range in this case is Offense Level 21, Criminal History category III with a guideline range of 46-57 months.

Mr. Grey respectfully submits that a sentence within this guideline range is "sufficient, but not greater than necessary" to comply with the factors set out in 18 U.S.C. § 3553(a). United States v. Booker, 125 S. Ct. 738, 766-67 (2005).

## DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

1. Mr. Grey denies all of the allegations regarding related conduct contained in paragraphs numbered 64, 65, 66, 69, 70, 71,72,73,74,75,76,77,78,79. He objects to the

amount of the alleged losses being included as related conduct thereby increasing his offense level by two additional points. None of this conduct was proven at trial and the allegations in the report do not support a finding by the court that this alleged conduct was part of an ongoing criminal scheme or similar to the crimes for which he was convicted.

      2.   Mr. Grey also objects to the increase of the number of victims from 9 (proven at trial) to 10.

      3.   Mr. Grey also objects to the increase for the adjustment for his role in the offense. There was no evidence presented at trial that would allow the court to make a finding that his "cousin John" or his assistant, Ms. Reis were participants in the acts charged. Nor is there sufficient evidence to find that Mr. Hill or Ms. Bertelsen were participants.

## SENTENCING AFTER BOOKER

On January 12, 2005 when the Supreme Court handed down <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the federal Sentencing Guidelines ceased to be mandatory, becoming one of several factors to be considered under 18 U.S.C. § 3553(a); see <u>United States v. Hughes</u>, 396 F.3d 374, 378-79 (4th Cir. 2005) ("[A] district court shall first calculate . . . the range prescribed by the guidelines. Then the court shall consider that range as well as other relevant factors set forth in § 3553(a) before imposing the sentence."). Under § 3553(a), courts must consider: (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the Guideline range; (d) the need to avoid unwanted sentencing disparities; (e) the need for restitution; (f) the need for the sentence to reflect the seriousness of the

offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence, to protect the public from future crimes, and to provide the defendant with reasonable rehabilitative opportunities.

### I. The Purposes of Sentencing Set out in 18 U.S.C. § 3553(a)(2)

The Court must consider the factors set out in § 3553(a) and impose a sentence that is "sufficient, but not greater than necessary" to comply with four stated purposes of sentence – just punishment, deterrence, protection of the public, and the rehabilitative needs of the defendant. A sentence of 46-57 months is sufficient to meet these purposes. Mr. Grey is an alcoholic. It is not an excuse for the behavior that he was convicted of but it is clear from the history that he provided to the presentence writer and the evidence at trial of daily drinking, clubbing and partying suggest that he needs treatment and counseling.

Wherefore, defendant prays that the Court impose a sentence within the guidelines of 46-57 months.

Respectfully submitted,

_____
Thomas Abbenante, Esquire
1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
(202) 223-6539
Counsel for Bernard Grey
tabbenante@aol.com